**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ANTHONY LEWIS MCCRORY,

                Plaintiff,                Case Number: 2:12-CV-10056

v.                                   HONORABLE DENISE PAGE HOOD

JAMES P. ADAIR,

                Defendant.

_____/

## <u>ORDER OF SUMMARY DISMISSAL</u>

### I. Introduction

This matter is pending before the Court on the *pro se* civil rights complaint filed by Anthony Lewis McCrory ("Plaintiff"). Plaintiff is currently incarcerated at the St. Clair County Jail. Plaintiff names a single defendant, St. Clair County Circuit Court Judge James P. Adair. The complaint, which is hand-written, is difficult to read. It appears that Plaintiff is a pre-trial detainee claiming that, if Judge Adair presides over his trial, he will not receive a fair trial because Judge Adair is biased against him. He claims that Judge Adair violated his rights under the First, Fourth, Fifth, Sixth, Eighth, Thirteenth, and Fourteenth Amendments in a prior criminal proceeding over which Judge Adair presided. Plaintiff seeks removal of Judge Adair from his criminal proceeding. He also wants the "rev. court to oversee this blatant violation of my rights by the state." Complaint at 4.

## II.  Standard of Review

Plaintiff has been granted leave to proceed without prepayment of the filing fee for this action due to his indigence.  Under the Prison Litigation Reform Act ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). Similarly, the Court is required to dismiss a complaint seeking redress against government entities, officers, and employees that it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b).  A complaint is frivolous if it lacks an arguable basis in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831-32  (1989).

While a complaint need not contain "detailed factual allegations," a plaintiff's obligation to provide grounds entitling him to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007) (internal and end citations omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555-56, 127 S. Ct. at 1965 (citations and footnote omitted).

2

### III.  Discussion

To state a federal civil rights claim, a plaintiff must show that:  (1) the defendant is a person who acted under color of state or federal law, and (2) the defendant's conduct deprived the plaintiff of a federal right, privilege, or immunity.  *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996).  A *pro se* civil rights complaint is to be construed liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jones v. Duncan*, 840 F.2d 359, 361 (6th Cir. 1988). Despite the liberal pleading standard accorded *pro se* plaintiffs, the Court finds that the complaint is subject to summary dismissal.

Judicial officers have long enjoyed absolute judicial immunity from liability for monetary damages for conduct within the scope of a court's jurisdiction.  *Stump v. Sparkman*, 435 U.S. 349, 364 (1978).  In addition, "[b]y enacting the 1996 Federal Courts Improvement Act . . . Congress . . . expanded the ambit of judicial immunity by amending § 1983 so as to prohibit injunctive relief against a judicial officer."  *Coleman v. Governor of Michigan*, 413 F. App'x 866,  873 (6th Cir. 2011).  Judge Adair is immune from suit under § 1983.

### IV.  Conclusion

For the reasons set forth above, the Court concludes that Plaintiff's complaint lacks an arguable basis in law and fails to state a claim for which relief may be granted.

Accordingly, **IT IS ORDERED** that Plaintiff's complaint is summarily dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

**IT IS FURTHER ORDERED**, that if Plaintiff elects to appeal this decision, he may not proceed without prepayment of the fees and costs on appeal because an appeal would be frivolous and could not be taken in good faith.  28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445, 82 S.Ct. 917, 921 (1962).

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated:  February 29, 2012

I hereby certify that a copy of the foregoing document was served upon Anthony McCrory, 115122, St. Clair County Intervention Center, 1170 Michigan, Port Huron, MI 48060 on February 29, 2012, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager